```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

RICHEL CARLUS,                   :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:11cv172(AWT)
                                 :
CONNECTICUT DEPARTMENT OF,       :
PUBLIC HEALTH and STEVE          :
MESSER,                          :
                                 :
     Defendants.                 :
```

RULING ON MOTION TO COMPEL

The plaintiff, proceeding pro se, commenced this action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Pending before the court is the defendants' motion to compel.[1] (Doc. #31.) The plaintiff has filed a response to the motion. (Doc. #35.) The court rules on the requests at issue as follows:

1.   Interrogatory 15 is granted if the plaintiff responds that he is seeking damages for emotional distress. The names, dates of treatment and diagnoses of medical providers who treated the plaintiff for emotional distress are relevant within the meaning of Rule 26(b)(1) to his damages claim of emotional distress. See Perry v. City of New Haven, No. 3:11CV1485(RNC)(DFM), 2012 WL 3887061, at *2 (D. Conn. Sept. 6, 2012).

2.   Request for Production 4 is granted. If no responsive

---

[1] Chief Judge Alvin W. Thompson referred the motion to the undersigned. See doc. #32.

documents exist, the plaintiff shall so state under oath.

3. Request for Production 7 is granted. If plaintiff alleges any loss of earning capacity, he must provide a computation of those damages.

4. Request for Production 18 is granted. Information regarding the plaintiff's efforts to obtain employment is relevant to mitigation of damages. "A victim of employment discrimination has a duty to attempt to mitigate his or her damages by using 'reasonable diligence in finding other suitable employment.'" Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982); see 42 U.S.C. § 2000e-5(g)(1). "This obligation is not onerous and does not require [the victim of discrimination] to be successful" in the attempt to mitigate. Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 695 (2d Cir. 1998). "In order to reduce the meritorious claimant's entitlement to backpay, the defendant employer has the burden of demonstrating that she has failed to attempt to mitigate. This burden may be met by establishing (1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it." Id.

SO ORDERED at Hartford, Connecticut this 14th day of November, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge